CLARENCE SCHLINES, AS ADMINISTRATOR OF THE ESTATE OF MYRNA SCHLINES, DECEASED, APPELLANT, V. VIRGIL EKBERG ET AL., APPELLEES.

110 N. W. 2d 49

Filed July 7, 1961. No. 35032.

*H. D. Addison* and *John V. Addison,* for appellant.

*Frederick M. Deutsch* and *William I. Hagen,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in an action for wrongful death. The trial court sustained the motion of the defendants for summary judgment. The plaintiff's motion for new trial was overruled and the plaintiff has appealed. The assignments of error are, in substance, that the trial court erred in sustaining the motion for summary judgment.

The plaintiff is the administrator of the estate of Myrna Schlines, deceased. Myrna Schlines died as the result of injuries sustained while riding in an automobile operated by Leon J. Ekberg, deceased. The defendants are the parents of Leon J. Ekberg and were the owners of the automobile in which the plaintiff's decedent was riding at the time of the accident. The

defendants are alleged to be liable for the negligence of Leon J. Ekberg under the family-purpose doctrine.

Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. "In other words, the court can merely determine that an issue of fact does or does not exist. If such an issue does exist, the Summary Judgments Act has no application; if such issue does not exist, a motion for a summary judgment affords a proper remedy. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled." Ingersoll v. Montgomery Ward & Co., Inc., 171 Neb. 297, 106 N. W. 2d 197.

In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. Ingersoll v. Montgomery Ward & Co., Inc., *supra.*

The motion for summary judgment was submitted to the trial court upon the petition of the plaintiff; the deposition and affidavit of Harold Anderson, the father of Loene Anderson; the deposition and affidavit of Loene Anderson, a passenger in the Ekberg car; the deposition of Clarence Schlines, the plaintiff; the deposition and affidavit of Merle Schlines, a passenger in the Ekberg car; the depositions of Alberta Erwin and Marcia Erwin, passengers in the Erwin car; and the report of a State Patrolman who investigated the accident, and a stipulation relating thereto.

The accident occurred at about 7:15 p. m., on June 9, 1959, approximately 150 feet east of the crest of a hill on a county road in Dixon County, Nebraska. The surface of the road was graveled and was approximately 20 feet wide. The weather was clear to partly cloudy.

The plaintiff's decedent, Myrna Schlines, was riding in the front seat of the automobile operated by Leon J.

Ekberg. Loene Anderson and Merle Schlines were riding in the back seat of this car.

The Ekberg car was proceeding east at about 50 miles per hour before the accident. Its speed was not reduced as it approached the crest of the hill. As the Ekberg car reached the crest of the hill Myrna Schlines said, "Oh, Leon."

Leon J. Ekberg did not turn the car to the right or left when approaching the crest of the hill or after reaching it and did not apply his brakes or slow down.

The right front of the Ekberg car collided head-on with the right front of an automobile operated by Henry Erwin which was going west. Both vehicles came to rest at the point of impact. The Ekberg car was on the north side of the road headed slightly southeast. Both left wheels of the Erwin car were south of the center of the road and it was headed slightly northwest. There were no skid marks or brake marks in the road after the accident.

The plaintiff's decedent was alleged to have been a guest passenger in the Ekberg car at the time the accident happened. It was necessary, therefore, for the plaintiff to allege and prove that her death was caused by the gross negligence of the defendants. § 39-740, R. R. S. 1943.

Gross negligence within the meaning of the motor vehicle guest statute means gross and excessive negligence or negligence in a very high degree; the absence of slight care in the performance of duty; an entire failure to exercise care; or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others. Olson v. Shellington, 167 Neb. 564, 94 N. W. 2d 20.

There is no fixed rule for the ascertainment of what is gross negligence, but whether or not gross negligence exists must be determined from the facts and circumstances in each case. Pester v. Nelson, 168 Neb. 243, 95 N. W. 2d 491.

More than one act of negligence may in combination amount to gross negligence within the meaning of the motor vehicle guest statute. Olson v. Shellington, *supra*.

The principal allegation of gross negligence contained in the petition was that Leon J. Ekberg drove the defendants' automobile on the left side of the road over the crest of a hill and head-on into the Erwin car. The petition also alleged failure to maintain a proper lookout; failure to maintain proper control; failure to be able to stop, slow down, or turn aside so as to avoid the collision; excessive speed; failure to reduce speed when approaching the crest of a hill; driving on the left side of the highway; failure to drive on the right side of the highway; and failure to pass the Erwin automobile to the right.

The defendants do not question the sufficiency of the allegations of the petition. This is proper because a motion for summary judgment is not a demurrer or a substitute for a demurrer, a motion to dismiss, or a motion for judgment on the pleadings. Johnson v. School Dist. No. 3, 168 Neb. 547, 96 N. W. 2d 623. The defendants contend that the plaintiff has failed to meet the burden of proof in that the evidence is conflicting and that several inferences may be drawn from the evidence, some of which are unfavorable to the plaintiff.

It is true that there is some conflict in the evidence which was before the trial court on the motion for summary judgment. However, the plaintiff at this time is entitled to have all conflicts resolved in his favor, and to have the benefit of all favorable inferences that may be drawn from the evidence. The burden of proof at this time is not upon the plaintiff to prove gross negligence by a preponderance of the evidence, but upon the defendants as the moving parties to show conclusively that no issue of fact exists.

When the evidence is viewed in the light of the foregoing rules, it is apparent that the defendants have

not shown conclusively that no genuine issue of fact exists. There is evidence which tends to support the allegations of the petition and it is sufficient to show that an issue of fact exists.

The motion for summary judgment should have been overruled. The judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.