PAULA BERG, A MINOR, BY JEAN BERG, HER MOTHER AND
NEXT FRIEND, APPELLANT, V. WAYNE ALBERT RASMUSS
ET AL., APPELLEES.

125 N. W. 2d 905

Filed January 31, 1964.   No. 35553.

Kelly, Grant & Costello and Michael J. Dugan, for appellant.

Fraser, Stryker, Marshall & Veach, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from the sustaining of a motion for summary judgment and the dismissal of the action.

This action is one for damages brought by Paula Berg, by Jean Berg, her mother and next friend. Paula Berg, who will hereinafter be referred to as plaintiff, was injured when the car in which she was a passenger went over the north curb of Ames Avenue in the vicinity of Thirty-ninth Street in Omaha, Nebraska, and struck a light pole. The car, which is conceded to be a family-purpose automobile, was owned by the defendant, Albert F. Rasmuss, and at the time in question was being operated by his son, Wayne Albert Rasmuss, who will hereinafter be referred to as defendant. If the father is also intended, they both will be referred to as defendants.

Plaintiff's petition was filed August 9, 1962. Defendants filed an answer August 30, 1962. Plaintiff filed a reply September 4, 1962. Plaintiff's deposition was taken by the defendants on September 15, 1962. On October 29, 1962, defendants filed a motion for summary judgment, alleging that the pleadings, the deposition of the plaintiff, and the attached affidavit of the defendants' attorney show that defendant was in nowise guilty of gross negligence as a matter of law, and that no genuine issue exists as to any material fact.

In Schlines v. Ekberg, 172 Neb. 510, 110 N. W. 2d 49, we said: "In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom."

Applying this rule, plaintiff's deposition establishes that she and the defendant had been cruising around Omaha for about 1½ hours when defendant purchased a six-pack of beer. He consumed four of the bottles or cans and the plaintiff consumed two. During the course of the evening, he tried to kiss the plaintiff while driving.

Sometime before the accident plaintiff fell asleep and was not aware that she had been in an accident until she regained consciousness in the hospital. All she knows about the accident is what the defendant himself told her about it subsequently. No evidence was adduced in the deposition on defendant's admissions.

Plaintiff's petition alleged that defendant's vehicle went over the curb and into the light pole when he leaned over and attempted to kiss the plaintiff; and further specifically alleged the failure of the defendant to have his automobile under proper control, failure to keep a proper lookout ahead, and that the defendant was operating his automobile while in an intoxicated condition.

Plaintiff's counsel, in opposition to the motion for summary judgment, filed an affidavit that the plaintiff had evidence other than that elicited by the defendants' deposition of the plaintiff which would establish the negligence alleged in the petition. It specifically stated that the plaintiff had evidence of statements made by the defendant which admitted the kissing while driving. It also asserted that the police officer who investigated the accident would testify to the condition of the defendant at the time of the accident as well as to his admissions at the scene of the accident.

It is obvious that the defendants have an erroneous idea as to the purpose and function of the summary judgment proceeding. This is well illustrated by the following from defendants' brief: "If plaintiff had evidence of any kind or nature which would tend to support her contention that defendant Wayne Rasmuss was grossly negligent in the manner in which he drove and operated his vehicle, surely it was not brought to the attention of the trial court, although more than sufficient time and opportunity were available for its submission."

The purpose of the summary judgment procedure is not to require a plaintiff to reveal in detail the evidence he expects to produce to prove the allegations of his

petition. It was never intended as a substitute for a trial on the merits. As we said in Schlines v. Ekberg, 172 Neb. 510, 110 N. W. 2d 49: "A motion for summary judgment is not a substitute for a demurrer, a motion to dismiss, or a motion for judgment on the pleadings."

What we said in Fay Smith & Associates, Inc. v. Consumers P. P. Dist., 172 Neb. 681, 111 N. W. 2d 451, is applicable herein: "Summary judgment is effective and serves a separate useful purpose only when it can be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged.

"The evidence offered on a motion for summary judgment is for the purpose of showing that no issue of fact exists, not to try issues on pleadings, depositions, and affidavits which constitute only a part of the evidence available on a trial on the merits."

Defendants suggest that an attempt on the part of the defendant to kiss the plaintiff, causing him to lose control of his car, does not constitute gross negligence. This will depend entirely on the evidence adduced. It is a fact question. Whether gross negligence has been proved is a question which can be determined only when all of the evidence has been adduced.

A fact question is apparent herein. The following from Fay Smith & Associates, Inc. v. Consumers P. P. Dist., *supra*, is controlling: "In order for the movant to obtain a summary judgment it must be shown first, that there is no genuine issue as to any material fact in the case and, second, that movant is entitled to a judgment as a matter of law." Clearly, the defendants did not meet either of these two tests.

The motion for summary judgment should not have been sustained herein. We reverse the order sustaining the motion for summary judgment and dismissing the action, and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.