KENNETH COLLETT, A MINOR, BY JAMES C. COLLETT, HIS FATHER AND NEXT FRIEND, APPELLANT, V. ALLEN D. HENDRICKSON ET AL., APPELLEES.

110 N. W. 2d 851

Filed October 6, 1961. No. 34970.

*Haney & Walsh* and *Lee & Huston,* for appellant.

*Schaper & Schaper* and *Beatty, Clarke, Murphy, Morgan, Pederson & Piccolo,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in an action for damages arising out of an automobile-pedestrian accident. The trial court sustained the defendants' motion for summary judgment and dismissed the action. The plaintiff's motion to vacate the judgment was overruled and the plaintiff appealed.

The plaintiff, Kenneth Collett, who was 6 years old at the time of the accident, was seriously injured in the accident. The action was brought by James C. Collett as his father and next friend. The defendant, Allen D. Hendrickson, who was 16 years old at the time of the accident, was operating the automobile involved in the accident. The defendant, Wallace Hendrickson, is the father of Allen D. Hendrickson and was the owner of the automobile involved in the accident.

The accident occurred north of the intersection of D Street and Eighth Avenue in Broken Bow, Nebraska. There is no traffic control at the intersection. The Hendrickson automobile had been proceeding east on D Street and had made a left turn to go north on Eighth Avenue. The plaintiff was crossing Eighth Avenue from west to east on foot. The evidence is in conflict as to where the plaintiff was with respect to the crosswalk at the time of the impact and as to what part of the

Hendrickson automobile came in contact with the plaintiff.

The petition alleged that the defendant, Allen D. Hendrickson, failed to keep a proper lookout, failed to yield the right-of-way to a pedestrian, failed to give any warning, and failed to apply his brakes to avoid the collision. Wallace Hendrickson was alleged to be liable for the negligent acts of Allen D. Hendrickson under the family-purpose doctrine. The answer consisted of a general denial and an allegation that the accident was caused solely by the negligence of the plaintiff.

The only question before the court upon a motion for summary judgment is whether an issue of fact exists. In considering a motion for summary judgment the evidence is viewed in the light most favorable to the party against whom the motion is directed, and that party is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Schlines v. Ekberg, *ante* p. 510, 110 N. W. 2d 49. "In other words, the court can merely determine that an issue of fact does or does not exist. If such an issue does exist, the Summary Judgments Act has no application; if such issue does not exist, a motion for a summary judgment affords a proper remedy. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled." Ingersoll v. Montgomery Ward & Co., Inc., 171 Neb. 297, 106 N. W. 2d 197.

It is unnecessary to summarize the evidence in detail. There is evidence that the left front fender of the Hendrickson automobile struck the plaintiff while the plaintiff was on or near the crosswalk north of the intersection; that the defendant Allen D. Hendrickson failed to see the plaintiff before the impact; and that the defendant did not sound his horn and did not apply his brakes before the impact. There is also evidence that the defendant Wallace Hendrickson purchased and maintained the Hendrickson automobile for the use of his son who

was operating it with his consent at the time of the accident.

The defendants produced a large amount of evidence which conflicts with the evidence that is favorable to the plaintiff. The defendants' evidence also tends to establish contributory negligence and questions the credibility of the testimony favorable to the plaintiff. However, so far as the motion for summary judgment in this case is concerned, this evidence establishes only that a question of fact does exist. The defendants have failed to prove conclusively that no issue of fact exists.

The defendants' motion for summary judgment should have been overruled. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.