PORTER D. KNOLL ET AL., APPELLANTS, v. WILLIAM KNOLL, JR., ET AL., APPELLEES.

114 N. W. 2d 40

Filed March 30, 1962. No. 35155.

*Kenneth H. Dryden,* for appellants.

*Dier, Barton & Barton,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from a summary judgment. Porter D. Knoll and Harold R. Knoll, the appellants, were the plaintiffs below. William Knoll, Jr., and Alice George, the appellees, were the defendants.

The litigation arises out of a controversy concerning the will of Elizabeth T. Knoll, deceased. Elizabeth T. Knoll died October 20, 1957, and left surviving her seven children, four of whom are the parties to this action. Her will, which was filed for probate on October 30, 1957, left all of her property to the defendants.

On November 21, 1957, the plaintiffs and another brother, F. T. Knoll, entered into a written agreement with the defendants in which the plaintiffs and F. T. Knoll agreed not to object to the probate of the will, and the defendants agreed to pay to each of the plaintiffs and F. T. Knoll the sum of $1,000 in cash on or before March 1, 1959, if the will was admitted to probate.

On November 26, 1957, Kathryn Cruise, a daughter of the testatrix, filed objections to the probate of the will. On January 31, 1958, the defendants entered into a separate settlement agreement with Kathryn Cruise, and on February 26, 1958, the will was admitted to probate. On June 11, 1958, the consideration for the settlement with Kathryn Cruise was paid to her by the executor.

On February 28, 1959, the balance of the consideration due the plaintiffs under the written agreement of November 21, 1957, was paid to them by the defendants.

On February 3, 1960, the plaintiffs commenced this action.

The motion for summary judgment was heard upon the petition of the plaintiffs, the motion of the defendants, and the evidence. The district court sustained the motion and dismissed the action. The plaintiffs' motion for new trial was overruled and they have appealed.

The amended petition alleged that at the time the written agreement was entered into on November 21, 1957, the defendants represented and it was agreed that the written agreement would not be effective unless it, or one with the same provisions, was signed by Kathryn Cruise; that if the plaintiffs did not contest the will and the defendants made a settlement with Kathryn Cruise, then the defendants would pay to each of the plaintiffs, after the estate was closed, an amount equal to that paid to Kathryn Cruise; that the plaintiffs relied upon the representations of the defendants and did not contest the will; that Kathryn Cruise did not sign the agreement entered into on November 21, 1957, or a similar one; that Kathryn Cruise filed objections to the will but later entered into an agreement with the defendants and was paid $5,000 from the estate; that a final decree was entered in the proceeding to administer the estate on July 14, 1959; that the plaintiffs received $1,000 to apply on the agreement; and that there was a balance of $4,000 due each of the plaintiffs from the defendants. The plaintiffs prayed for judgment in the sum of $8,000 and that the written agreement entered into on November 21, 1957, be reformed to express the true contract of the parties or that it be canceled.

The defendants' motion for summary judgment alleged in part that there was no genuine issue of fact because the endorsements on the checks delivered to the plaintiffs by the defendants established that the payments were made in compliance with the written agreement entered into on November 21, 1957, and not in reference to an oral agreement as alleged by the plaintiffs.

In support of the motion for summary judgment, the defendants produced affidavits denying that they had entered into any agreement with the plaintiffs other than the written agreement entered into on November 21, 1957, and stating that they had executed and delivered checks and payments totalling $1,000 each to the plaintiffs. The affidavits also identified three canceled checks bearing the following endorsement signed by each of the plaintiffs and F. T. Knoll: "Endorsement of this check cancells (cancels) balance of agreement for compromise of will contest made and entered into 21st day of November, 1957 by and between W. J. Knoll, Jr. and Alice George."

In opposition to the motion for summary judgment the plaintiffs produced their affidavits. The affidavit of Porter D. Knoll stated that the allegations of the petition were true; that upon the representation of the defendants, made at the time the written agreement was entered into on November 21, 1957, that each of the other brothers and sisters would receive the same amount as Kathryn Cruise and that she would sign the agreement, they executed the written agreement and "received funds thereunder"; and that William Knoll told the affiant at Wichita during the winter after the agreement was signed that they would receive the same amount as Kathryn Cruise. The affidavit of Harold R. Knoll stated that the allegations of the petition were true; that several times after November 21, 1957, and as late as July 30, 1959, William Knoll told the affiant that he would pay him the amount which was paid to Kathryn Cruise that fall; and that on or about July 1, 1958, the affiant received a letter from one of the attorneys for the defendants stating that the defendants would make settlement with the rest of the family. The affidavit identified a copy of the letter referred to, which stated in part: "So far, I know Bill has received nothing in the form of distribution and I suspect he and Alice will have to get something jointly before they can make

settlement as they told me they would with the rest of the family."

Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact presented, but to discover if any real issue of fact exists. In considering a motion for summary judgment, the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so the motion must be overruled. Collett v. Hendrickson, 172 Neb. 571, 110 N. W. 2d 851.

A motion for summary judgment may be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged. Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627. Where the allegations of the pleadings have been pierced by the movant, and the resistance to the motion fails to show that a genuine issue of fact exists, a summary judgment will be granted. Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

The plaintiffs in this action admit that they entered into a written contract with the defendants but allege that it never became effective because of a contemporaneous oral agreement that it would not become effective unless it, or a similar one, was signed by Kathryn Cruise. The plaintiffs then further alleged that the defendants orally agreed that if the plaintiffs did not contest the probate of the will, the defendants would pay to each of the plaintiffs an amount equal to the amount paid to Kathryn Cruise.

The defendants deny that they made any oral agreement with the plaintiffs and allege that the $1,000 paid by the defendants to each of the plaintiffs and F. T. Knoll was paid in compliance with the terms of the written agreement entered into on November 21, 1957. In sup-

port of this contention the defendants produce canceled checks which contain a written acknowledgment signed by the plaintiffs and F. T. Knoll that the money paid to them by the defendants is in full satisfaction of the amounts due the plaintiffs and F. T. Knoll under the agreement entered into on November 21, 1957.

The plaintiffs do not question the signatures or other writing which appears on the canceled checks. They do not claim that their signatures are not genuine or that the writing was not on the checks at the time that the checks were endorsed. The record contains no explanation or allegation of any kind which if true would avoid the effect of the endorsements which appear on the canceled checks.

Initially, the plaintiffs are confronted with a written contract which provides that they are to receive $1,000 each from the defendants. They attempt to avoid the effect of the written contract by alleging a series of contemporaneous oral agreements which have the effect of rewriting the written contract so that they will receive not $1,000 but $5,000 each, and by further alleging that the $1,000 which has been paid was only a partial payment intended to apply upon the larger amount due under the alleged oral agreement. They are next confronted with receipts signed by each of them which acknowledge payment in full of the amounts due them from the defendants. In their resistance to the motion, they fail to produce any explanation or allegation which would avoid the effect of their receipts.

This court is of the opinion that the defendants in this case successfully pierced the allegations of the pleadings and that the resistance to the motion failed to show that a genuine issue of fact existed.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.