PRAIRIE VIEW TELEPHONE COMPANY, A MUTUAL ASSOCIATION, ET AL., APPELLEES, v. COUNTY OF CHERRY, STATE OF NEBRASKA, APPELLANT.

138 N. W. 2d 468

Filed December 3, 1965. No. 35963.

Richard L. Spittler and Rush C. Clarke, for appellant.

Dean L. Donoho, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

This is an eminent domain proceeding brought by the County of Cherry to condemn real estate owned by the appellees Grooms for a county road. The action originated before appraisers appointed by the county judge, and the county, being dissatisfied with the allowance of the appraisers, appealed to the district court. The district court, on motion for summary judgment, dismissed the action on the grounds that the county did not attempt to agree with the appellees Grooms by making a good faith offer and a reasonable attempt to induce them to accept said offer for the right-of-way in controversy. The County of Cherry appeals. The requirement of a good faith offer and a reasonable attempt to induce a settlement is mandatory and jurisdictional. In Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213, the court said: "The attempt and failure to agree must be alleged and proved, and this must appear on the face of the record. * * * *Statutory provisions of the type* here considered (section 76-704, R. R. S. 1943) are usually regarded as mandatory and jurisdictional, and

it has been stated broadly that objection based on the failure of the record to show that the parties cannot agree may be raised at any time by direct attack." (Emphasis supplied.)

The proceedings were instituted by the County of Cherry in September 1962. The record shows that on February 21, 1962, the county commissioners wrote the following letter to appellee Edgar J. Grooms:

"On February 15, 1962, the Cherry County Board of Commissioners requested your appearance before the Board to negotiate the opening of the section lines between sections 31, 32, 30 and 29, Township 35, Range 26, for the purpose of building a public road. * * * Since you failed to appear as requested, and the Board failed to find you home after making a trip to your residence, we submit the following offer as required by law: * * * To Edgar J. Grooms and Martin G. Grooms, $3,000.00 for all damages. * * * We request your appearance before the Board at their next regular meeting March 6, 1962, at 2:00 p.m. to discuss this offer. Failure to appear at this time or otherwise notify the Board will be considered as a refusal to accept said offer and refusal to further negotiate."

A copy of this letter was sent to appellee Martin G. Grooms. The affidavits of appellees Grooms show that this letter was the only communication or effort by the county to make an offer of settlement and to induce an agreement. There were no counter affidavits or showing in opposition by the county. There was nothing in this letter that would or did indicate the extent of the lands actually sought for the right-of-way. The evidence shows that the appellees were never offered a definite proposal as to the exact right-of-way to be acquired, and consequently were never in a position to make an absolute acceptance thereof. In order to satisfy the statutory requirement of attempting to agree with the owner prior to the institution of condemnation proceedings, there must be a good faith attempt to agree,

consisting of an offer made in good faith and a reasonable effort to induce the owner to accept it. State v. Mahloch, 174 Neb. 190, 116 N. W. 2d 305.

The record does not reveal just what lands the county was seeking at the time the letter was written. On March 16, 1962, some 3 weeks after the letter was written, the county board passed a resolution to acquire an 82½-foot right-of-way across the appellees Grooms' property. But, this action was never communicated to appellees. Nothing further was done in the matter until September 6, 1962, when the county filed the condemnation proceedings. We hold, as the district court did, that there was no offer made in good faith because the county never informed the appellees as to the amount of land it was taking.

The county complains that on motion for summary judgment it should not be required to try this issue and be forced to produce evidence in support of its pleadings. Otherwise stated, it takes the position that it may stand on its pleadings, and the pleadings will be sufficient to raise a genuine issue of fact which it is entitled to try on the merits. This argument ignores the very purpose of a summary judgment proceeding. Its purpose is to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than alleged. And, when the allegations of the pleadings *have been pierced by the movant,* and the resistance to the motion *fails to show* that a genuine issue of fact exists, a summary judgment will be granted. Knoll v. Knoll, 173 Neb. 602, 114 N. W. 2d 40; Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

Here the allegations of the pleadings of the county were pierced by the affidavits of the appellees Grooms. These affidavits established the lack of a proper offer in good faith. The county filed no counter affidavits or no resistance to the motion. It simply stood on its pleadings. This it may not do. The appellees Grooms pierced the pleadings of the county by the affidavits

setting out the letter from the county commissioners. Under the above rule, it became the duty of the county to resist the motion by counter affidavits or other appropriate showing which it entirely failed to do. If the county had evidence in support of its pleadings, it became its duty to make a proper showing to this effect.

The county cites the case of Berg v. Rasmuss, 176 Neb. 340, 125 N. W. 2d 905. That was an automobile accident case and the plaintiff, in resistance to defendants' motion for summary judgment, filed an affidavit showing there was a genuine issue of fact as to gross negligence. This court held in that case that a motion for summary judgment could not be granted. In the present case the affidavits of the appellees Grooms stand uncontroverted. There was no resistance. The pleadings were pierced and the record shows there was no genuine issue of fact on whether or not the county did in fact make a good faith attempt to agree, consisting of an offer made in good faith, and a reasonable effort to induce the appellees Grooms to accept it.

The district court properly sustained the motion for summary judgment and dismissed the proceeding because of lack of jurisdiction. Its judgment is correct and is affirmed.

AFFIRMED.