GENE E. GERDES ET AL., APPELLANTS, V. OLGA M. SPETMAN ET AL., APPELLEES, IMPLEADED WITH GLADYS FAIRHEAD ET AL., APPELLANTS.

249 N. W. 2d 210

Filed January 19, 1977.   No. 40731.

Charles A. Fisher and Charles F. Fisher, for appellants.

Herbert M. Sampson, III, for appellees.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal from an order sustaining a motion for summary judgment and dismissing a partition action. The land involved is the east half of Section 1, Township 24 North, Range 48 West of the 6th P.M. in Box Butte County, Nebraska.

The present record title holders are all descendants of John Fred Spetman and Eliese P. Spetman who had three children. Olga M. Spetman, a daughter, is the record owner of an undivided one-third interest. Gene E. Gerdes and Gladys Fairhead, children of Minnie S. Gerdes, a deceased daughter, are each record owners of an undivided one-sixth interest. Erwin Dye, Betty Leistritz, Frank Dye, and James Dye, children of Martha M. Dye, a deceased daughter, are each the record owners of an undivided one-twelfth interest. There is no dispute concerning who the record title holders are or the extent of their interest in the record title.

The plaintiffs are Gene E. Gerdes and his wife. The defendants are the other record owners and their spouses.

The petition alleged the parties were the owners of the property as their interests appear of record and prayed that partition be had. The defendants, Olga M. Spetman, Erwin Dye, Betty Leistritz, Frank Dye, and James Dye, filed an answer alleging that Olga M. Spetman had an equitable life estate in the property in addition to her undivided one-third interest in fee simple. The answer further alleged that after the death of John Fred Spetman in 1945, Olga M. Spetman remained upon the property with her mother, Eliese P. Spetman, for the purpose of caring for and maintaining the mother. Minnie S. Gerdes and Martha M. Dye, and their husbands, agreed that this arrangement was necessary and in return Eliese P. Spetman and Olga M. Spetman should have the use and enjoyment of the property for their natural lives. The answer finally alleged that Olga M. Spetman as the equitable life tenant objected to partition of the property. The prayer was that the petition be dismissed and the plaintiffs be enjoined from interfering with the use and enjoyment of the property by Olga M. Spetman.

Gladys Fairhead and her husband filed an answer admitting the allegations of the petition and denying

the allegations of new matter in the answer filed by the other defendants.

On October 23, 1975, the trial court ordered a pretrial conference be held by telephone. The report of the pretrial conference, filed November 11, 1975, made no mention of further pleadings other than a motion for summary judgment.

On December 18, 1975, the defendants other than Gladys Fairhead moved for summary judgment.

On January 12, 1976, the plaintiffs demurred to the answer filed by Olga M. Spetman and the defendants other than Gladys Fairhead.

The demurrer and motion for summary judgment were heard on January 27, 1976. The demurrer was overruled.

The defendants offered affidavits by Ogla M. Spetman and James Dye in support of their motion. The plaintiffs offered only the abstract of title to the property in resistance to the motion. The motion for summary judgment was sustained and the petition dismissed.

The affidavit of Olga M. Spetman stated that she had lived on the property since the death of her father in 1945; that she resided with her mother until the mother's death in 1957; that from 1945 to 1957 her mother was in failing health; that on or about May 22, 1946, she was a party to an oral agreement with her sisters, Minnie S. Gerdes and Martha M. Dye, and their husbands, whereby she and her mother were to have the use of the property during their lives; that after the death of her mother in 1957 the agreement was reaffirmed at a family gathering after the funeral; that she has rented the property to various tenants since 1954 with the knowledge and consent of the other owners and with no demand by them for any share of the rents and profits; that she has paid the taxes on the land for herself or her mother since 1957; that in reliance on the agreement she made numerous and substantial improvements on the property, which were described in detail, with the consent

of the other owners and without interference or demand from them.

The affidavit of James Dye stated that he was present at the family gathering in 1957 after the death of Eliese P. Spetman; that Martha M. Dye, Betty Leistritz, Olga M. Spetman, and George C. Gerdes were present; that all the owners present agreed that Olga M. Spetman was to continue in possession, use, and enjoyment of the property during her life; that the affiant had personal knowledge that Olga M. Spetman had leased the property since 1957, paid the taxes, maintained the premises, and generally treated the property as her own; and that affiant had always considered he held a remainder interest subject to the life estate of Ogla M. Spetman.

The abstract of title, offered by the plaintiffs, merely showed the state of the record title. The failure of the plaintiffs to offer any evidence in resistance to the affidavits introduced by the defendants left the defendants' evidence uncontroverted except by the allegations of the petition.

On February 2, 1976, the plaintiffs and the defendant, Gladys Fairhead, filed a motion for new trial. On February 10, 1976, the plaintiffs asked leave to file a reply. The reply tendered with the motion denied the allegations of the answer, alleged that the decrees in the various estate proceedings were res judicata, and alleged that Olga M. Spetman was guilty of laches.

At the hearing on the motions the plaintiffs and Gladys Fairhead offered the reply and the affidavits of Gene E. Gerdes and Gladys Fairhead. The affidavit of Gene E. Gerdes stated that the conversation alleged by Olga M. Spetman to have taken place on or about May 22, 1946, could not have taken place on that date because his sister and mother were in Denver on that date, and his father was in county court at Alliance on that date in connection with the John R. Spetman estate; that the affiant and his sister have never consented to the arrangement claimed by Olga M. Spetman; and that Olga

M. Spetman has not paid all the taxes since 1957. The affidavit also referred to numerous old records, some of which were filed with the affidavit in support of the motion for new trial but not separately identified and offered in evidence or otherwise explained in any way.

The affidavit of Gladys Fairhead was similar to that of Gene E. Gerdes and further stated that in 1975 a dispute arose concerning their share of the wheat; that they requested their share of the wheat be delivered to the Berger Plate Elevator, but instead it was placed in a bin on the Dye farm; and that Erwin Dye requested authorization to sell the wheat for the benefit of Olga M. Spetman but the affiant did not grant the permission.

The trial court overruled both motions. The plaintiffs and Gladys Fairhead and her husband have appealed.

With respect to the motion for summary judgment, the defendants were entitled to a summary judgment if there was no genuine issue as to any material fact, and the defendants were entitled to judgment as a matter of law on the facts. Kissinger v. School District No. 49, 163 Neb. 33, 77 N. W. 2d 767.

The defendants' theory of the case was that the other owners of the property had entered into an oral agreement with Olga M. Spetman in 1946 to the effect that if Olga remained upon the property with her mother and cared for and maintained her mother, Olga was to have a life estate in their share of the property. The affidavit of Olga showed that she would be able to testify as to the existence of the agreement and her performance of it. The affidavit of James Dye showed that he was prepared to testify to a reaffirmation of the agreement in 1957 by the then surviving principal owners of the property; and as to the performance of the agreement by Olga and her use of the property as a life tenant since 1957.

It is quite apparent that the plaintiffs relied upon the statute of frauds both for their demurrer and as their defense against the motion for summary judgment. An

oral agreement creating an interest in land is enforceable if the terms are clear, satisfactory, and unequivocal and the agreement has been performed. The performance must have been solely referable to the agreement and such that nonperformance by the other parties would amount to a fraud upon the party who has performed. Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287.

The statute of frauds was not a defense to the claim of Olga because the affidavits offered in support of the motion showed full performance of the agreement by her plus use and enjoyment of a life estate in the property since 1957. The terms of the agreement were clear and unequivocal and her performance was solely referrable to the agreement. The defendants' evidence was uncontradicted and fully supported the order of the trial court sustaining the motion for summary judgment.

After the motion for summary judgment had been sustained the plaintiffs sought leave to file a reply. The plaintiffs had been dilatory in filing any response to the answer of the defendants and the record shows no objection to the submission of the demurrer and motion for summary judgment on the same day. More importantly, an allegation in a pleading ordinarily will not overcome a factual showing. The object of a motion for summary judgment is to pierce the pleadings and show that there is no genuine dispute as to any material fact. Prairie View Tel. Co. v. County of Cherry, 179 Neb. 382, 138 N. W. 2d 468.

The affidavits of Gene E. Gerdes and Gladys Fairhead, offered in support of the motion for new trial, did tend to dispute the affidavits offered by the defendants at the hearing on the motion for summary judgment, at least in respect to the dates alleged. The plaintiffs alleged they had been unable to make this showing at the time of the hearing on the motion for summary judgment, but there was no satisfactory showing to support this claim.

The plaintiffs, of course, were bound by any agreement their mother had made and, apparently, were unable to directly dispute Olga's statement that their mother had been a party to the oral agreement. Minnie S. Gerdes predeceased her mother, Eliese P. Spetman, but, according to the affidavit of James Dye, George C. Gerdes was present at the family gathering in 1957 when the 1945 oral agreement was reaffirmed. Apparently, the plaintiffs were unable to directly dispute this statement. Although there was some reference in the affidavit of Gene E. Gerdes to the records which the plaintiffs produced, the records were not separately identified and offered in evidence or otherwise explained in any way.

On this state of the record it was within the discretion of the trial court to overrule the motion for leave to file a reply and the motion for new trial.

The judgment of the District Court is affirmed.

AFFIRMED.