CENTRAL ICE MACHINE COMPANY, APPELLANT, V. RONALD A. COLE, APPELLEE.

509 N.W.2d 229

Filed December 7, 1993.   No. A-92-097.

Thomas H. Dahlk and Sandra L. Dougherty, of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, P.C., for appellant.

Jeff A. Anderson and Margaret A. Falck, of Kutak Rock, for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

WRIGHT, Judge.

Central Ice Machine Company (Central) brought an action against Ronald A. Cole for malicious prosecution, alleging that Cole caused previous litigation to be brought against Central. The district court granted summary judgment for Cole on the ground that Cole's status as an expert witness in the prior legal proceeding afforded him immunity from liability as a matter of law. Central appeals.

## SCOPE OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Gables CVF v. Bahr, Vermeer & Haecker Architect*, 244 Neb. 346, 506 N.W.2d 706 (1993).

## FACTS

Prior to any legal proceedings involving Central, Cole had been retained by Millard Warehouse as a consultant. Central alleged that Cole advised Millard Warehouse that cover plates on the headers of Recold evaporators purchased from Central were defective and inadequate. Central alleged that Cole had been retained by Central in 1983 as a consultant and knew that the Recold evaporators were patterned after the design of Imeco evaporators, but that he failed to tell Central that he thought the thickness of the cover plates on the Imeco headers was inadequate. Central contended that a dispute occurred concerning the value of Cole's services as a consultant to Central and that Cole accepted a lesser amount than the bill submitted for his consulting services.

In February 1987, Millard Warehouse filed a counterclaim against Central. (The record does not disclose the subject of the action filed by Central.) On June 29, 1987, Millard Warehouse filed a separate lawsuit against Central. Central's petition in this case refers to the above cases collectively as the "Legal Proceedings."

Central alleges that at all times relevant Cole was the moving cause of the initiation and continuation of the legal proceedings brought by Millard Warehouse against Central and, as the moving force, advised Millard Warehouse that the evaporators were defective and inadequate. Central contends that Cole, with the intent of injuring Central and without probable cause, caused the legal proceedings to continue and to be amended by telling Millard Warehouse that the evaporators sold to Millard Warehouse lacked sufficient cooling capacity. Central contends that Cole harbored feelings of hatred, animosity, and ill will toward an officer, director, and principal shareholder of Central and, for reasons other than the legitimate participation in a civil proceeding, took an active role in the initiation and continuation of the legal proceedings brought by Millard Warehouse. Central further contends that judgment was rendered in favor of Central against Millard Warehouse and that by reason of Cole's wrongful conduct, Central suffered injury to its business and incurred legal expenses and other damages.

Cole's demurrer to the original petition was sustained, and the court concluded that the pleadings brought Cole within the purview and protection of absolute immunity afforded to witnesses. Central then amended its petition by deleting the allegation that Cole "provided Millard Warehouse with purported theories and alleged expert opinions which caused the Legal Proceedings to be brought and tried before a jury" and by substituting the following: "[Cole] caused Millard Warehouse to initiate the Legal Proceedings." Cole's demurrer to the amended petition was overruled, and he filed an answer.

Cole's motion for summary judgment with a supporting affidavit claimed he was absolutely immune from civil liability because he had served as an expert witness in the prior legal proceedings. The district court granted summary judgment on

the basis that Cole's status as an expert witness in the prior legal proceedings afforded him immunity from liability as a matter of law.

## ASSIGNMENTS OF ERROR

Central claims that the court erred in granting summary judgment on the basis that a consultant who later becomes an expert witness is immune from any liability for malicious prosecution as a matter of law, that there was no evidence supporting the district court's finding that Cole's actions as a consultant were inextricably tied to his actions as an expert witness, and that the district court erred in allowing Cole to insulate himself from liability by testifying in the previous litigation.

## ANALYSIS

It is undisputed that Cole provided expert testimony in the legal proceedings between Millard Warehouse and Central. The expert opinions rendered by Cole in his deposition and trial testimony were based upon the investigation and analysis of the coolers that he performed in 1986 and 1987.

Cole's affidavit was the only evidence presented at the summary judgment hearing. The affidavit set forth Cole's professional background and qualifications, stating that he was a self-employed engineer who was the president of R.A. Cole and Associates, Inc., and a registered professional engineer in Illinois, Wisconsin, Georgia, Colorado, and Maryland. He was a member of the industry staff for the Industrial Refrigeration Workshop sponsored semiannually by the International Institute of Ammonia & Refrigeration (IIAR), the director of the semiannual Industrial Refrigeration School for Operators, and a past president of the IIAR. He was a member of the IIAR board of directors; the American Society of Heating, Refrigerating and Air Conditioning Engineers; the American Society of Mechanical Engineers; the National Society of Professional Engineers; and the British Institute of Refrigeration, and he was an associate member of the International Institute of Refrigeration.

The affidavit stated that Cole and Roger Kirschenman of Millard Warehouse visited a Millard Warehouse facility in

Grand Island in July 1986. During that visit, Cole noticed that one or more of the coolers exhibited a "spotty" frost pattern, which often indicated that the unit was not operating at full performance. He noted that the circuiting of the coolers was similar to that of other coolers he had seen in an earlier consultation and that those other coolers were performing at 30 to 50 percent of their rated capacity. Cole informed Kirschenman of this possibility during the visit.

One of the headers from the Millard Warehouse coolers was sent to a metallurgist to examine the type of material from which it was fabricated and to determine the cause of the failure of the header. When the metallurgist's report was received, Cole recommended to Millard Warehouse that the coolers be taken out of service. He made recommendations concerning design and replacement of the headers. Cole was then hired to complete a theoretical evaluation to test the actual capacity of the coolers, which evaluation showed that the coolers might not operate at full capacity. During the legal proceedings involving Central and Millard Warehouse, Cole testified as an expert witness, basing his testimony on his investigation and analysis of the coolers in 1986 and 1987.

The first problem in this case is that the petition fails to state a cause of action. Cole's first demurrer was sustained, and Central amended its petition to allege that "[Cole] caused Millard Warehouse to initiate the Legal Proceedings." A subsequent demurrer was overruled, and Cole filed a motion for summary judgment. The basis for the motion was that Cole had absolute immunity as a witness. Based upon the amended petition and answer, we treat the motion for summary judgment as a motion for judgment on the pleadings. See *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993).

In *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993), the Supreme Court stated that summary judgment is improper when the challenge involves the sufficiency of a petition to state a cause of action. Accord *Gould v. Orr*, 244 Neb. 163, 506 N.W.2d 349 (1993). Summary judgment is not allowed in such a case because it circumvents the parties' right to amend the pleadings. This rule is somewhat analogous to the

rule involving a demurrer. If a demurrer alleges that the petition fails to state a cause of action, the parties should be permitted to amend if an amendment would cure the defect. See *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992). Therefore, in accordance with *Hoch*, we consider the motion as one for a judgment on the pleadings, which motion should be sustained only if it is not possible to amend the petition to state a cause of action.

Central alleged in its petition that Cole maliciously and without probable cause caused Millard Warehouse to initiate and to continue the legal proceedings. The district court granted summary judgment on the basis of witness immunity. In *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983), the Court held that there is absolute immunity from civil liability which arises from a witness' testimony in a prior trial. In *Briscoe*, several defendants brought civil rights actions against police officers who had given allegedly perjured testimony at the criminal trials of the defendants. The Court, holding that the Civil Rights Act does not provide for a damages claim against a police officer for giving perjured testimony at a criminal trial, declined to create an exception to the general immunity rule for alleged perjury by police officer witnesses. Thus, federal law has not recognized any exception to witness immunity.

Central argues that *Stolte v. Blackstone*, 213 Neb. 113, 328 N.W.2d 462 (1982), created an exception to immunity for witnesses when the false testimony of a witness is a step or part of a total conspiracy or fraudulent scheme. However, Central made no allegations of a conspiracy or false testimony. In Nebraska, the Supreme Court has recognized that absent a statute imposing civil liability, witnesses are immune from liability for statements made during testimony. In *Stolte*, the court discussed the concept of a witness' immunity regarding allegedly perjured deposition testimony and stated that perjury must be

> but a step or part of a larger total conspiracy or fraudulent scheme in order to create an exception to the rule that there is no civil liability for giving or conspiring to give false testimony. . . .

> In the absence of a statute imposing civil liability, we believe the better policy to be to grant witnesses immunity from civil liability for damages resulting from statements made by them as such, and to leave the matter of liability for perjury to the criminal law.

*Stolte*, 213 Neb. at 122, 328 N.W.2d at 466.

In *Stolte*, the issue was whether a witness whose testimony was indeed false would still be immune from civil liability. The court, recognizing that it had not previously addressed whether immunity should extend to giving or conspiring to give false testimony, stated: "[W]e are of the opinion the better reasoning requires that the perjury be but a step or part of a larger total conspiracy or fraudulent scheme in order to create an exception to the rule that there is no civil liability for giving or conspiring to give false testimony." *Stolte*, 213 Neb. at 122, 328 N.W.2d at 466. We do not find that *Stolte* applies to the present case.

Central urges us to make a distinction between Cole's activities as a consultant and his activities as an expert witness. We decline to make that distinction. Central asks us to recognize a malicious prosecution exception to the witness immunity rule. We find no law in Nebraska that would support such an exception, and we decline to expound on such an exception.

We therefore find that Central could not have amended its petition to state a cause of action against Cole. The judgment of the district court is modified to the extent that we treat the cause as requiring a judgment on the pleadings, and for the reasons stated herein, the judgment is affirmed as modified.

AFFIRMED AS MODIFIED.