JOHN WILLEY, ADMINISTRATOR OF THE ESTATE OF JOYCE LORRAINE WILLEY, DECEASED, APPELLANT, v. KENNETH H. PARRIOTT ET AL., APPELLEES.

140 N. W. 2d 652

Filed March 4, 1966. No. 36120.

Van Steenberg, Winner & Wood, for appellant.

Holtorf, Hansen & Kortum, for appellee Bort.

Wright, Simmons & Hancock and Stubbs & Metz, for appellee Parriott.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

BOSLAUGH, J.

This is an action to recover damages for the wrongful

death of Joyce Lorraine Willey. The plaintiff, John Willey, is the administrator of the estate of the deceased.

The deceased died as the result of injuries sustained in an automobile accident on March 19, 1961. The deceased was a passenger in an automobile operated by the defendant, Kenneth H. Parriott, which collided with an automobile operated by the defendant, John Bort.

At the close of the plaintiff's evidence, both defendants moved for a directed verdict. The motions were sustained and the action dismissed. The plaintiff's motion for new trial was overruled and he has appealed. The assignment of error relates only to the direction of a verdict in favor of the defendant Bort and the dismissal of the action as to him.

The evidence shows that the accident happened shortly after 9 a. m. on March 19, 1961, on State Highway No. 92 approximately 2½ miles east of Gering, Nebraska. The highway at that point is straight and level. The traveled portion of the highway is surfaced with blacktop and is 24 feet wide. There are depressions or troughs in the surface of the highway on each side of the centerline. Before the accident happened there had been rain mixed with snow. The surface of the highway was wet, and the depressions in the surface of the highway were filled with water.

The Parriott automobile was proceeding in an easterly direction. The Bort automobile was proceeding to the west. As the Bort automobile approached a semitruck and trailer which was proceeding to the east, the Parriott automobile came out from behind the truck, crossed the centerline of the highway, and entered the westbound lane of traffic. The right front ends of the two automobiles collided at or near the north edge of the black-top.

Bort testified that as he met the truck it threw up a spray of water; that when he was near the front of the truck, pretty much by the cab of the truck, the Parriott automobile came out from behind the truck; that when

he first saw the Parriott automobile it was not too far behind the truck, possibly 80 or 90 feet or something like that; that the Parriott automobile came across the highway on a slant headed to the north; that Bort was driving from 40 to 45 miles per hour; that Bort braked his car somewhat but not hard and pulled a little bit to the north so that his right wheels were at the edge of the pavement; that the Parriott automobile hit the shoulder of the road, or the borrow pit, and jackknifed or spun around; that it happened real quick when there was about 50 feet between the automobiles; that he wasn't about to pull over towards the truck which was on its own side of the road; and that at the time of the impact the truck was alongside the automobiles.

Parriott did not testify, and the evidence is that he does not remember how the accident happened. There is no direct evidence as to the speed of the Parriott automobile.

After the accident, the Parriott automobile came to rest on the north shoulder of the highway, headed to the southeast. The Bort automobile came to rest facing west with its right wheels on the north shoulder of the highway with about half of its width extending onto the shoulder. There was a track on the north shoulder of the highway made by the left wheels of the Parriott automobile that was 96 feet in length. This track extended in almost a straight line from the edge of the black-top to a point 4 feet north of the black-top near the point of impact.

There is no issue of contributory negligence in this case. Any negligence of the defendant Parriott could not be imputed to the plaintiff's decedent who was a passenger in that automobile. Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

The plaintiff alleged that the defendant Bort was negligent in failing to keep a proper lookout, in failing to take steps to avoid the collision, in failing to give Parriott sufficient roadway to pass, in turning to the right

into the Parriott automobile when there was sufficient room to pass, and in not exercising his last clear chance to avoid the collision. If there was any evidence upon which the jury could properly find for the plaintiff upon one or more of the specifications of negligence alleged, the defendant's motion for a directed verdict should have been overruled. Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496. In determining this question the evidence must be considered most favorably to the plaintiff, every controverted fact must be resolved in his favor, and he is entitled to the benefit of every inference that can reasonably be drawn from the evidence. Fritchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N. W. 2d 515.

The plaintiff contends that the evidence permits an inference that the defendant Bort did not maintain a proper lookout because he should have seen the Parriott automobile before he says that he did and when it was farther away than his testimony indicates that it was when he saw it for the first time. The plaintiff further contends that Bort was negligent in driving into the Parriott car on the north edge of the highway when he could have avoided the accident by stopping, turning sharply to the right, or passing to the left of the Parriott automobile.

There is evidence that the Parriott automobile traveled at least 96 feet on the north shoulder of the highway before the impact occurred. To this distance must be added the distance which the Parriott automobile traveled after starting across the centerline and before one of its wheels entered the north shoulder of the highway, and the distance that the Bort automobile traveled from the time that the Parriott automobile started across the centerline until the impact. The result is the distance or interval in which the Parriott automobile should have been visible to Bort and in which he might have taken some further action in an effort to avoid the accident.

The driver of a motor vehicle has a duty to keep a

proper lookout and watch where he is driving even though he is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel or in the direction from which others may be expected to approach and to know what is in front of him for a reasonable distance. Snow, mist, fog, or other conditions which affect visibility are not intervening causes but are conditions which require a driver to exercise a degree of care commensurate with the circumstances. Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571.

There is evidence from which an inference could be drawn that the Bort automobile could have passed to the left of the Parriott automobile without crossing into the eastbound lane of the highway. Although Bort's testimony indicated that the eastbound lane of the highway was occupied by the truck from the time that he first saw the Parriott automobile until the impact, this evidence was not binding on the plaintiff because there was circumstantial evidence from which a contrary inference might be drawn. A party calling a witness is not bound by the testimony of the witness if the testimony is contradicted, either expressly or by inference, by evidence that would justify a different conclusion. Trask v. Klein, 150 Neb. 316, 34 N. W. 2d 396.

In Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491, the defendant's eastbound automobile collided with the plaintiff's westbound automobile near the edge of the pavement on the north side of the highway. This court held that the trial court erred in dismissing the defendant's counterclaim, and that it should have been submitted to the jury. Although the factual situation involved in the Roby case is not identical with the factual situation in this case, the decision in the Roby case supports the plaintiff's contention that the evidence in this case was sufficient to raise a jury question.

The defendant Bort argues that the doctrine of sudden emergency prevents a finding that he was guilty

of negligence in this case. A driver who is suddenly confronted by an emergency requiring instant decision is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong.

In Roby v. Auker, *supra*, the limitations upon the sudden emergency rule were stated. The sudden emergency rule cannot be invoked unless there is evidence to show that a sudden emergency actually existed, that the party invoking the rule did not create the emergency, and that he used due care to avoid it. In this case the evidence presents a jury question as to whether the sudden emergency rule is applicable to the defendant Bort.

Where reasonable minds may differ as to whether the driver of a motor vehicle exercised the care, caution, and prudence required of him under the circumstances of the particular situation, the issue of his negligence is one of fact for the jury. Middleton v. Nichols, 178 Neb. 282, 132 N. W. 2d 882.

This court is of the opinion that the evidence in this case presents a question for the jury. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.