FRANCES DAY CALLEN, EXECUTRIX OF THE ESTATE OF ERNEST GLENN CALLEN, DECEASED, APPELLANT, v. LOUIS F. KNOPP ET AL., APPELLEES.

143 N. W. 2d 266

Filed June 10, 1966. No. 36253.

Baylor, Evnen, Baylor & Urbom and Robert T. Grimit, for appellant.

Chambers, Holland & Dudgeon, for appellee Knopp.

Healey & Healey, for appellee Waddell.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

BOSLAUGH, J.

The plaintiff, Frances Day Callen, and her husband, Ernest Glenn Callen, were injured in an automobile accident on May 30, 1964. At the time of the accident the Callens were passengers in an automobile operated by the defendant, Marion Senn Waddell, which became involved in a collision with an automobile operated by the defendant, Louis F. Knopp. This action was brought by the plaintiff, as executrix of her husband's estate, to recover the damages which were sustained in the accident.

At the close of the plaintiff's evidence, the district court sustained motions to dismiss made by the defendants. The plaintiff's motions for new trial were overruled and she has appealed.

The accident occurred at about 10:15 a.m., at the intersection of Fifty-sixth Street and Leighton Avenue in Lincoln, Nebraska. Fifty-sixth Street is 26 feet wide.

Leighton Avenue is 24 feet wide. There is a stop sign at the west side of the intersection which requires traffic on Leighton Avenue to stop before crossing Fifty-sixth Street. The speed limit on both streets at this location is 35 miles per hour. It was a clear day and the streets were dry.

A frame house is located at the southwest corner of the intersection. There are bushes growing near the house and shade trees in the yard. At a point 50 feet south of the intersection, the view from the intersection to a point 50 feet west of the intersection is unobstructed. At a point 50 feet west of the intersection, the view from the intersection to a point 50 feet south of the intersection is unobstructed.

Mr. and Mrs. Waddell were planning to drive to Nehawka, Nebraska, and had invited Dr. and Mrs. Callen to ride with them. Dr. Callen was sitting in the front seat beside the driver. Mrs. Callen and Mrs. Waddell were sitting in the rear seat of the automobile.

After leaving the Callen home, Waddell turned onto Leighton Avenue at Forty-ninth Street. As he drove east on Leighton Avenue at about 25 miles per hour, Waddell noticed that Leighton Avenue was an arterial street protected by stop signs. Although Waddell knew that there was a stop sign on Leighton Avenue at Fifty-sixth Street, he did not see the stop sign and did not stop before entering the intersection. As Waddell entered the intersection he was looking to the left and did not see the Knopp automobile approaching from the south until the collision occurred.

The defendant Knopp had attended Memorial Day services at a cemetery and was returning to his home when the accident occurred. He was driving north on Fifty-sixth Street at about 30 miles per hour. He did not see the Waddell automobile at any time before the accident.

The point of impact was south and east of the center of the intersection. The front of the Knopp automobile

struck the front right side of the Waddell automobile. Both vehicles then came to rest near the northeast corner of the intersection, headed to the northeast.

The party against whom a motion to dismiss is made is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be drawn from the evidence. Willey v. Parriott, 179 Neb. 828, 140 N. W. 2d 652. If there was any evidence upon which the jury could have properly found for the plaintiff against either of the defendants, then that defendant's motion to dismiss should have been overruled.

Before the plaintiff was entitled to recover as against the defendant Waddell, it was necessary to establish that he had been guilty of gross negligence. § 39-740, R. R. S. 1943. Gross negligence within the meaning of the motor vehicle guest statute means gross and excessive negligence or negligence in a very high degree; the absence of slight care in the performance of duty; an entire failure to exercise care; or the exercise of so slight a degree of care to justify the belief that there was an indifference to the safety of others. Schlines v. Ekberg, 172 Neb. 510, 110 N. W. 2d 49. Momentary inattention in the operation of a motor vehicle does not ordinarily amount to gross negligence. Holliday v. Patchen, 164 Neb. 53, 81 N. W. 2d 593.

There is no fixed rule for the ascertainment of what is gross negligence. Whether gross negligence exists must be determined from the facts and circumstances in each case. Schlines v. Ekberg, *supra*.

The petition alleged that Waddell was guilty of gross negligence in failing to maintain a proper lookout; in operating his automobile at a rate of speed greater than was reasonable and prudent under the existing circumstances; in failing to stop at the stop sign before entering the intersection; in failing to yield the right-of-way to the Knopp automobile; and in failing to maintain reasonable control over his automobile.

There is evidence in this case that the defendant Waddell failed to see the stop sign and the Knopp automobile; that he entered the intersection without stopping; and that he failed to yield the right-of-way to the Knopp automobile.

There is evidence that Waddell was confused by the fact that Fifty-fifth Street does not intersect Leighton Avenue and that he did not realize that he was entering the intersection of Fifty-sixth Street where he knew there was a stop sign. This evidence characterizes his negligence as momentary in nature rather than persisting over a period of time.

There is no evidence showing a course of negligent conduct extending over a period of time, or a protest by any passenger in the Waddell automobile. The evidence does not show an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the safety of others. From our examination of the record we conclude that the evidence failed to establish gross negligence and that the motion to dismiss of the defendant Waddell was properly sustained.

With respect to the defendant Knopp, the plaintiff was required to produce evidence of negligence that was a proximate cause of the accident. Since the plaintiff's decedent was a passenger in the Waddell automobile, the negligence of the defendant Waddell could not be imputed to him. Willey v. Parriott, *supra*. There is no contention made that there was sufficient evidence of contributory negligence to bar recovery as a matter of law.

The petition alleged that the defendant Knopp was negligent in failing to maintain reasonable control over his automobile; in failing to maintain a proper lookout; in failing to turn away from the Waddell automobile; in driving at a rate of speed greater than was reasonable and prudent under existing conditions; and in failing to make timely application of his brakes.

There was evidence that the defendant Knopp was negligent in failing to see the Waddell automobile and in making no effort to avoid the accident.

Although Knopp was traveling upon an arterial street, this did not excuse him from the duty to maintain a proper lookout. He had a right to assume that Waddell would stop before entering the intersection only until there was some warning that Waddell would not do so.

The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though he is rightfully on the highway and has the right-of-way or is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel or in the direction from which others may be expected to approach and he is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance. Bear v. Auguy, 164 Neb. 756, 83 N. W. 2d 559. Notwithstanding his favored position, Knopp was required to look for approaching vehicles and see those which were in plain sight. Bell v. Crook, 168 Neb. 685, 97 N. W. 2d 352, 74 A. L. R. 2d 223.

The defendant Knopp relies upon Giebelman v. Vap, 176 Neb. 452, 126 N. W. 2d 673, and Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652. The cases cited involved an issue as to whether there was evidence of contributory negligence. The plaintiffs were traveling on arterial streets or highways and did not receive sufficient warning that the defendants would not stop before entering the intersection. In the Giebelman case the plaintiff's vision was obstructed by a high bank. In the Colton case the plaintiff observed the defendant slowing down and properly assumed that he would stop. The cases are not applicable here.

In this case there was evidence from which the jury could have found that Knopp was negligent and that his negligence was a proximate cause of the accident. The

motion to dismiss made by the defendant Knopp should have been overruled.

That part of the judgment of the district court dismissing the action as to the defendant Waddell is affirmed; and the part of the judgment dismissing the action as to the defendant Knopp is reversed and the cause remanded for a new trial.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.