CENTRAL CONSTRUCTION COMPANY, APPELLANT, V.
REPUBLICAN CITY SCHOOL DISTRICT NO. 1,
A POLITICAL SUBDIVISION, APPELLEE.

294 N. W. 2d 347

Filed July 1, 1980. No. 42911.

J. Marvin Weems, Law Offices L. W. Cronk of Counsel, J. Marvin Weems and Curtis A. Sikyta, for appellant.

Ronald E. Strasburger, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action under the Nebraska Political Subdivisions Tort Claims Act for damages sustained by the plaintiff when the defendant's schoolbus collided with a dirt scraper being operated by an employee of the plaintiff. The trial court found that both drivers were negligent and the plaintiff was barred from recovering its damages. The plaintiff has appealed. The principal assignments of error relate to the sufficiency of the evidence to sustain the judgment.

The record shows the accident happened at about 3:30 p.m. on October 8, 1975, on U.S. Highway 136,

approximately 1.2 miles east of Republican City, Nebraska. The weather was clear and the sun was shining. The highway at that point runs east and west and is a two-lane highway approximately 25 feet wide surfaced with blacktop. The highway had been resurfaced and the defendant was engaged in "shouldering" the highway. The scraper, which was being operated by Michael Norman in a westerly direction, was dumping dirt along the north edge of the pavement. A grader was then used to spread the dirt so that the shoulder of the highway would be level with the surface of the pavement.

Although the highway was not closed to traffic, barricades had been placed to the east and west of the construction area and at intersections in the construction area. Flagmen were stationed on Highway 136 at the east and west ends of the construction area to warn traffic entering the construction area. Neb. Rev. Stat. § 39-609(5) (Reissue 1978), relating to highways closed for construction, was not applicable in this case.

The defendant's schoolbus, which was being operated by Norman Kerr, had delivered its passengers and was returning to Republican City. The bus had turned onto Highway 136 at the Naponee junction and was proceeding in a westerly direction toward Republican City. Since the flagman at the east end of the construction area was stationed east of the Naponee junction, the bus did not pass that flagman. Kerr, however, was familiar with the highway, saw the barricade at the junction, and knew the highway was under construction.

The bus approached the scraper at a speed of approximately 45 miles per hour but slowed down to 15 to 20 miles per hour and followed the scraper for "a ways." The bus was attempting to pass the scraper when the scraper commenced a U-turn across the highway in front of the bus. The front of the bus struck the left side of the tractor pulling the scraper

resulting in substantial damage to the tractor, the scraper, and the bus.

At the time the accident happened, there was a strong wind blowing from the north. The dirt which the scraper was dumping was dry clay which created a very dusty condition around the scraper. Mr. Norman testified that, before he commenced the left turn across the highway, he looked to the rear. Because of the dust he could see only "about to the end of my machine." He gave no signal but started the turn and looked again. At that time he could see, "Not very far. No further than I could the first time." When he first saw the bus it was about 3 or 4 feet away coming out of the dust. When the impact occurred, the tractor was across the highway headed slightly to the southeast.

On cross-examination Mr. Norman admitted that, when it was dusty, he did not wait until he could see before making a turn. When he could not see, "You just hoped that you didn't get hit. You couldn't see, you had to turn."

The dust was a condition which imposed a duty upon Mr. Norman to exercise a degree of care commensurate with the circumstances. *Thompsen v. Miller,* 177 Neb. 530, 129 N.W.2d 498 (1964); *McClellen v. Dobberstein,* 189 Neb. 669, 204 N.W.2d 559 (1973). The turn across the highway between intersections to change direction was a particularly dangerous maneuver. See *Petersen v. Schneider,* 153 Neb. 815, 46 N.W.2d 355 (1951). Mr. Norman had a duty to wait until he could see whether there was other traffic approaching before attempting the turn.

The evidence which has been summarized established as a matter of law that Mr. Norman was guilty of negligence which was more than slight. See *Eden v. Klaas,* 165 Neb. 323, 85 N.W.2d 643 (1957). Mr. Norman knew the highway was not closed to traffic and that other vehicles might ap-

proach and attempt to pass the scraper. Without giving any signal of his intention to turn, and at a time when he could not see whether there was any traffic approaching, he turned across the highway in front of the bus.

Although there was evidence of negligence on the part of Mr. Kerr in that he attempted to pass the scraper at a time when the maneuver could not be made with safety, in operating the bus at a speed which was excessive under the circumstances, and in failing to maintain reasonable control over the bus, the trial court could find that this negligence was less than gross in comparison to the negligence of Mr. Norman, which was more than slight.

The remaining assignment of error relates to the refusal of the trial court to compel the defendant, during the trial, to produce a photograph of the barricade which was placed at the Naponee junction on the day of the accident. So far as the record shows, the plaintiff made no attempt to secure the production of the photograph before trial.

Under the circumstances in this case, it is unnecessary to determine whether the ruling of the trial court was correct. At most, the evidence was cumulative. Mr. Kerr admitted that he knew the road was under construction and saw the barricade at the Naponee junction before turning onto the highway. The ruling did not prejudice any substantial right of the plaintiff.

The judgment of the District Court is affirmed.

AFFIRMED.