MARK T. WAKENIGHT, APPELLANT AND CROSS-APPELLEE, v. STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT.

326 N.W.2d 52

Filed November 5, 1982. No. 44550.

John B. Ashford of Bradford, Coenen & Ashford, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before Krivosha, C.J., McCown, White, and Caporale, JJ., and Brodkey, J., Retired.

McCown, J.

This is an appeal from a decision of the District Court dismissing an action brought by the plaintiff against the State of Nebraska under the State Tort Claims Act. The plaintiff has appealed.

At approximately 8:30 p.m., March 12, 1976, the plaintiff was hitchhiking along the south shoulder of Interstate 80 at a point approximately 3 miles west of the Milford interchange. A Nebraska State Patrol trooper stopped, picked up the plaintiff, informed him that hitchhiking was illegal on the Interstate, and gave him a warning ticket. The trooper then drove the plaintiff to the east entrance ramp of the Milford interchange on the south side of a bridge which crosses the Interstate at that point. While driving to the interchange the trooper had informed the plaintiff that he would be let off in a location where it would be legal to hitchhike, and also advised the plaintiff of the availability of motel and restaurant services located on the north side of the bridge. There is some dispute in the testimony as to whether the trooper suggested that the plaintiff stay at a motel north of the bridge or merely advised him of the availability of such services.

After letting the plaintiff out of his car at the Interstate entrance ramp south of the bridge, the trooper drove off and the plaintiff proceeded to walk north across the bridge. The bridge runs north and south and has two lanes of travel with a shoulder 2¾ feet wide on each side, but no sidewalk. There is a railing on both sides of the bridge with a 9-inch curb extending the length of the bridge. There were four high tower lights located so as to illuminate the exit and entrance ramps of the Interstate, and the evidence indicated that at least some of the lights were not operating on the evening of March 12, 1976.

The plaintiff has no memory of the accident itself, but the evidence indicates that the plaintiff, wearing dark clothing, was walking north across the bridge on the east side of the bridge with his back to oncoming northbound traffic. At a point approximately 100 feet from the north end of the bridge the plaintiff was struck by a northbound automobile. The driver of the car testified that her lights were on, she was traveling at 55 miles per hour, and that there was no other traffic at that point. As she came up over the bridge she first saw the plaintiff about 2 to 2½ car lengths ahead of her in the northbound lane of traffic, and he appeared as just a dark figure. As a result of the accident the plaintiff suffered very severe injuries.

Plaintiff filed a claim with the State Claims Board, which was rejected by the board on June 20, 1978, and plaintiff thereafter filed this action in the District Court for Seward County, Nebraska.

The amended petition alleged that the State was negligent (1) in failing to adequately maintain the lights at each end of the bridge; (2) in failing to provide adequate lighting at the bridge; (3) in failing to repair or replace the lights at the bridge when the defendant knew, or should have known, of the defective condition; (4) in failing to place plaintiff in a position of safety when the trooper knew, or should have known, that the bridge at the time of the accident was unsafe for pedestrians; (5) in requiring the plaintiff to walk across the bridge to the motel on the north side; (6) in failing to warn plaintiff of the danger in proceeding across the bridge under the circumstances which existed at the time of the accident; and (7) in placing plaintiff in a position of peril.

At the close of the plaintiff's evidence the State moved to dismiss plaintiff's petition. The trial court sustained the motion as to allegations (4) and (5), but overruled the motion to dismiss as to the other allegations of negligence.

At the close of all the evidence the trial court found that the defendant was negligent in failing to maintain high tower lights positioned at the scene of the accident. The court also found that the plaintiff was negligent in failing to walk along and upon the two-way highway on the correct side of such highway and in failing to keep a proper lookout and in moving from a place of safety to a place of danger. The court also specifically found that, by comparison, plaintiff's negligence was more than slight when compared with that of the defendant, and that by reason thereof plaintiff's negligence was a bar to his recovery. The court therefore dismissed plaintiff's petition and this appeal followed.

Plaintiff first contends that the trial court erred in dismissing the two allegations of negligence at the close of the plaintiff's evidence. Two other allegations of negligence containing essentially the same allegations were retained, and even if the action could be said to be technically incorrect, there was no prejudice to the plaintiff.

Plaintiff also contends that the trial court erred in failing to find at the close of all the evidence that the State was negligent in failing to warn plaintiff of the danger and in placing the plaintiff in a position of peril. It is clear from the lack of specific findings and from the judgment of the court that findings on those issues were against the plaintiff. Under the State Tort Claims Act the trial judge sits without a jury and has exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim under the act. Neb. Rev. Stat. § 81-8,214 (Reissue 1981).

We have consistently held that on an appeal to this court of an action under the State Tort Claims Act, the findings of the trial court will not be disturbed unless clearly wrong. *Cortes v. State,* 191 Neb. 795, 218 N.W.2d 214 (1974).

We do not pass on the trial court's finding that the

State was negligent in failing to maintain tower lights. There is ample evidence in the present case upon which the trial court could find that the plaintiff was contributorily negligent in any event, and that such negligence was more than slight when compared with the defendant's negligence. The determination of the trial court was not clearly wrong.

AFFIRMED.