LINDA SHEPARD, APPELLANT, V. STATE OF NEBRASKA,
DEPARTMENT OF ROADS, APPELLEE.

336 N.W.2d 85

Filed July 1, 1983. No. 82-274.

A. James McArthur and Douglas McArthur, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

MCCOWN, J.

This is an action under the provisions of the State Tort Claims Act for personal injuries suffered by plaintiff in an automobile accident allegedly resulting from negligent maintenance of a highway. The District Court found that the defendant was not negligent and dismissed plaintiff's petition.

On January 3, 1978, at approximately 6:45 a.m., the plaintiff, Linda Shepard, was driving her automobile westbound on U.S. Highway 136 a short distance west of Harbine, Nebraska. She encountered a rutted, icy patch on the highway which caused her car to skid broadside into the opposite lane of traffic where it was struck by an oncoming truck. The plaintiff was thrown from her vehicle and suffered severe injuries.

The accident site was bordered on the south by an 800-foot-long shelterbelt of trees which shaded the highway in the winter months. For approximately 15 miles to the east the highway was clear, but in the area sheltered by the trees the highway was icy in patches which had ruts or irregularities in them. The evidence indicated that the accident site tended to ice up more quickly and stay frozen longer than other areas of the highway.

The icy patch at the accident site was the result of a winter storm that had occurred on December 31, 1977. The storm began with freezing rain which turned to snow. At 7 a.m. on December 31, 1977, a mixture of sand, salt, and calcium chloride was applied to Highway 136, including an extra heavy application in the area of the accident site. The maintenance supervisor continued to monitor the highway on January 1, 1978, and noted that the snow and ice on most areas of the highway had melted by the

early afternoon of that day, but the roadway at the accident site was still covered with packed snow and ice. The supervisor then ordered the maintenance crew to scrape off all the ice they could and then had applied three relatively heavy applications of the sand and salt mixture in the accident area. When the maintenance crew left the site on the afternoon of January 1, they observed that the ice was beginning to melt and that there were two drivable tracks in both lanes of traffic melted down to the pavement surface.

No further action was taken at the accident site on January 2, 1978, which was a holiday. No precipitation fell that day and the temperature reached the melting range during the daylight hours of January 2.

At the time of the accident on the morning of January 3, 1978, there were tracks melted to the pavement surface in each lane of traffic running through patchy ice in the area of the accident site, and traces of sand from the January 1 application were still present.

After the accident the plaintiff filed a claim with the State Claims Board pursuant to Neb. Rev. Stat. §§ 81-8,209 et seq. (Reissue 1981). The claim was denied by the board on August 14, 1979.

Plaintiff filed her petition in the District Court on October 25, 1979, alleging that defendant was negligent in failing to post warning signs and in failing to reasonably maintain the highway at the accident site. Following trial to the court without a jury, the District Court found that the defendant had exercised reasonable care in the maintenance of the highway in the area of the accident and was not negligent. The court also found that, given all the circumstances reflected by the evidence, defendant had reasonable grounds to believe that its action would be sufficient to provide reasonable highway conditions for travelers using the highway while exercising reasonable and ordinary care. The District

Court therefore dismissed plaintiff's petition and this appeal followed.

Plaintiff contends on appeal that defendant was negligent as a matter of law in failing to remove or alleviate accumulations of ice and snow on the highway or in failing to warn the public of that condition.

Under the State Tort Claims Act the District Court, sitting without a jury, has exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim under the act. § 81-8,214.

It is the duty of the state to use reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for the traveler using them while in the exercise of reasonable and ordinary care and prudence. *Hendrickson v. City of Kearney*, 210 Neb. 8, 312 N.W.2d 677 (1981).

On an appeal to this court of an action under the State Tort Claims Act, the findings of the trial court will not be disturbed unless clearly wrong. *Wakenight v. State*, 212 Neb. 798, 326 N.W.2d 52 (1982).

The evidence in the case at bar fully supports the findings and judgment of the District Court. The judgment is affirmed.

AFFIRMED.