WALLACE F. LESEBERG ET AL., APPELLEES, V. LAVERNE H. MEINTS
ET AL., APPELLEES, AND DAVID MEINTS, APPELLANT.
399 N.W.2d 784

Filed January 23, 1987.   No. 85-485.

David Meints, pro se.

James G. Sharp of Everson, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellees Leseberg.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This action was brought to foreclose a mortgage upon a tract of land in Gage County, Nebraska. The mortgage was executed and delivered on May 31, 1979, by the defendants Laverne H. and Marilyn Meints, to secure a promissory note in the amount of $127,500 payable to the plaintiffs, Wallace F. and Juanita Leseberg. The note was payable in annual installments of $8,500, commencing June 1, 1980, with a balloon payment of $42,500 due on June 1, 1990. The mortgage secured the promissory note.

When the defendants failed to pay the installments due on the note and the real estate taxes as required by the mortgage, on July 30, 1981, the plaintiffs declared the entire balance of the note due and payable.

A decree of foreclosure was entered on December 13, 1984. The trial court found there was $110,670 due the plaintiffs, that the mortgage was a first lien upon the real estate, and that any claim of the defendant David Meints was subject to the lien of the mortgage.

An order of sale was issued January 3, 1985, and the property sold to the plaintiffs on February 4, 1985. A motion for confirmation was filed on the same day and an order of confirmation entered on February 19, 1985.

On April 23, 1985, the defendant David Meints filed an "application" alleging that the plaintiffs had not complied with Neb. Rev. Stat. §§ 25-1531 (Reissue 1985) and 40-103 (Reissue 1984), and requested that the sale be set aside as required by § 25-1531. The application was heard and overruled on May 15, 1985. David Meints filed a notice of appeal to this court on June 14, 1985.

The only matter brought to this court for review is the ruling on the application filed April 23, 1985. The time for appeal as to all previous orders expired before the notice of appeal was filed on June 14, 1985. See *Schuyler Building & Loan Ass'n v. Fulmer*, 61 Neb. 68, 84 N.W. 609 (1900). See, also, *First Trust Co. v. Eastridge Club*, 134 Neb. 785, 279 N.W. 720 (1938); *France v. Bell*, 52 Neb. 57, 71 N.W. 984 (1897).

In his brief, David Meints makes three assignments of error: (1) The plaintiffs failed to adhere to the truth in lending provisions for disclosure of credit terms, entitling the defendants to avoid the terms of the mortgage and note; (2) The contract was unconscionable for failure to balance the protection of the parties against circumstances out of their control; and (3) To the extent of any failure to perform on the contract, avoidable or not, the plaintiffs ought to foreclose and obtain control of only their remaining interest in the land. None of the assignments of error relate to the application to set aside the sale. Instead, they relate to the validity of the decree of foreclosure.

The only issue raised by the application was whether David Meints received proper notice regarding homestead exemption procedures as required by § 25-1531. No error has been assigned as to the overruling of the application and the rejection of the appellant's contention that he did not receive proper notice prior to the sale.

"To be considered by this court, errors must be assigned and discussed in the brief of the one claiming that prejudicial error has occurred." *Fee v. Fee*, 223 Neb. 128, 134, 388 N.W.2d 122,

126 (1986).

The only record filed in this court is a transcript of the pleadings and orders filed in the district court. Because there is no bill of exceptions, there is no evidence upon which to review the ruling on the application, and we are unable to determine that the issues raised on appeal were ever litigated in the lower court. The documents in the transcript indicate that these issues were not raised in the application to set aside the sale. The pleadings, motions, and orders relevant to the decree of foreclosure and confirmation of sale indicate that these issues were not raised in those proceedings.

Generally, this court will not consider for the first time on appeal issues not properly raised in the pleadings nor litigated at trial. *Armstrong v. Hartford Life Ins. Co.*, 219 Neb. 128, 361 N.W.2d 511 (1985).

For these reasons, the errors assigned are without merit, and the judgment of the trial court is affirmed.

AFFIRMED.