MCMULLIN TRANSFER, INC., APPELLANT, V. STATE OF NEBRASKA ET AL., APPELLEES.

402 N.W.2d 878

Filed April 3, 1987.   No. 85-528.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Robert M. Spire, Attorney General, and John R. Thompson, for appellee State of Nebraska.

Jerry W. Katskee of Katskee & Henatsch, for appellee Village of Shelby.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Plaintiff-appellant, McMullin Transfer, Inc. (hereinafter McMullin), brought this action against defendants-appellees, State of Nebraska and Village of Shelby, for property damages, loss of use, and related damages resulting from the collision of a trailer, leased by the plaintiff and being pulled by plaintiff's truck tractor, with a tree limb extending over the highway. The lessor of the trailer had assigned its claim for damages to plaintiff. In the petition, the plaintiff alleged the State and village were negligent in not keeping the highway free of obstructions and in a reasonably safe condition. The defendant State of Nebraska answered, generally denying any liability and pleading that the sole proximate cause of the accident was plaintiff's driver's negligence, which was imputed to plaintiff, and that the contributory negligence of plaintiff's driver was more than slight and, therefore, sufficient to bar recovery. Defendant State alleged that plaintiff's contributory negligence included its negligence in failing to maintain a proper lookout and in failing to "stop, swerve or divert the course of said vehicle to avoid the collision." Defendant State also alleged that plaintiff had assumed the risk of the accident in operating a vehicle exceeding 12 feet 6 inches in height, as set out in Neb.

Rev. Stat. § 39-6,178 (Reissue 1984).

The district court for Polk County found that a duty existed to protect the public from injury arising from the lawful use of a highway, including damage from overhanging trees. The court also found the State had gratuitously assumed the duty of maintaining the highway within Shelby and had thus relieved the Village of Shelby from liability. The court further concluded that the defense of assumption of the risk asserted pursuant to § 39-6,178(2) was not available to defendant State. The court held that the State was negligent in maintaining the highway but that, under the circumstances present, the contributory negligence of the operator of the vehicle was more than slight and, when imputed to the plaintiff, was sufficient to bar recovery.

The plaintiff timely appealed to this court. In its appeal, the plaintiff alleged the trial court erred in determining plaintiff's driver was guilty of contributory negligence in a degree sufficient to bar recovery. The plaintiff alleged the trial court erred in entering judgment for defendant State against the plaintiff, but did not assign as error the trial court's order dismissing the village. The State did not cross-appeal and seek to have the order dismissing the village reversed, and we therefore consider the case on appeal as one involving only plaintiff as appellant and the State as appellee. For the reasons hereinafter stated, the judgment of the trial court is affirmed.

The record discloses the following. Lester Clure was employed as a truckdriver by the plaintiff. On the evening of May 11, 1982, at approximately 9 p.m., Clure, while acting within the scope of his employment with plaintiff, was operating plaintiff's truck east on Highway 92 within the limits of the Village of Shelby. At that point, the highway was straight. Within Shelby the highway was 42 feet wide, with a marked centerline but no marked travel lanes. Plaintiff's driver was operating the rig in the southernmost portion of the eastbound lane, approximately 2 feet north of the south curb. As he drove through Shelby, the trailer of the rig collided with the tree limb extending across the road. Damage to the trailer included buckling in the center and a tear in the top right corner, causing damage to the trailer and resulting in the load of wheat's

partially spilling onto the road.

The driver testified that at the time of the collision the road was wet as a result of an earlier rain and that the sky was overcast and it was dark. The trial court found that plaintiff's driver had driven along this stretch of road on many occasions prior to the night of May 11, 1982, the last of which was about 1 month before the collision, and that the driver was familiar with the area both at night and in the daylight. The driver was aware of the trees that lined the road. He testified that on the night of the accident he saw the particular tree prior to the collision at a distance sufficient to allow him to come to a stop safely. While the tree was seen at a safe distance, the limb extending over the road could not be seen clearly as it was above the illumination provided by the truck's headlamps, which were on low beam at the time of the collision. There was no evidence presented to establish the extending limb would have been visible had the truck been operated with the lights on high beam.

It was established that the tree limb which was involved in the collision was approximately 12 feet 6 inches above the surface of the highway. The trailer was approximately 12 feet 11 inches in height. The evidence showed that if the rig had been driven closer to the centerline, the collision would not have occurred, since the tree limb was closer to the pavement along the southern part of the highway.

On appeal the plaintiff alleges the trial court erred in finding that plaintiff's driver was contributorily negligent to a degree sufficient to bar recovery. The trial court based its finding on the driver's familiarity with the road; the driver's knowledge of location of the trees; the fact that the driver had seen the tree in time to safely come to a stop; the driver's failure to have the driving lights "completely illuminate the area"; and in the driver's operation of the vehicle on the extreme right-hand side of the road. We hold the trial court did not err in finding that plaintiff's driver was contributorily negligent to a degree more than slight and sufficient to bar plaintiff's recovery.

Since plaintiff's action was one against the State of Nebraska and the Village of Shelby, a political subdivision of the State, the case was tried to the court sitting without a jury after plaintiff's duly filed claims had been denied by each of the

defendants. Neb. Rev. Stat. §§ 81-8,209 et seq. (Reissue 1981); Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). The findings of fact of the trial court in a proceeding under the State Tort Claims Act have the effect of jury findings and will not be disturbed on appeal unless they are clearly wrong. *Oldenburg v. State*, 221 Neb. 1, 374 N.W.2d 341 (1985); *Wakenight v. State*, 212 Neb. 798, 326 N.W.2d 52 (1982).

The trial court found that a duty existed to protect the traveling public from "damage arising from the lawful normal use of the highway, including damage from the overhanging trees" and that this duty fell upon the State only, because the State had assumed that duty gratuitously. The State in its brief, on the issue of negligence, does not contend that there was not a duty to maintain the highway safely even as to overhanging tree limbs, nor that there was not a violation of that duty, but only that the duty rested solely on the village and not on the State, since the accident occurred in the southernmost part of the eastbound driving surface and the duty of maintaining that portion of the road rested on the village. While the State generally denied it was negligent, the issue that the village was solely responsible for maintenance of the highway at the point of the collision was not presented in the State's answer to plaintiff's petition and will not be considered for the first time on appeal. See *Leseberg v. Meints*, 224 Neb. 533, 399 N.W.2d 784 (1987). The evidence before the trial court fully supports the court's conclusion that the State was negligent.

Contributory negligence is conduct for which the plaintiff is responsible, amounting to a breach of the duty imposed upon persons to protect themselves from injury and which, concurring with actionable negligence on the part of the defendant, is a proximate cause of injury. *Steinauer v. Sarpy County*, 217 Neb. 830, 353 N.W.2d 715 (1984); *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

As stated in *Circo v. Transit Auth. of City of Omaha*, 217 Neb. 497, 501, 348 N.W.2d 908, 910 (1984), quoting from *Murray v. Pearson Appliance Store*, 155 Neb. 860, 54 N.W.2d 250 (1952):

> "The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though

he is rightfully on the highway and has the right-of-way or is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel . . . and is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance."

Plaintiff emphasizes that its driver was operating plaintiff's vehicle on a dark, rainy night, but this court has held that conditions facing a driver impose a duty to exercise a degree of care commensurate with the circumstances. In *Central Constr. Co. v. Republican City School Dist. No. 1*, 206 Neb. 615, 294 N.W.2d 347 (1980), the condition was dust obstructing the driver's view, and the driver's turning his vehicle into the defendant's vehicle when he could not see was held to be contributory negligence sufficient to defeat plaintiff's claim. We stated in *Willey v. Parriott*, 179 Neb. 828, 833, 140 N.W.2d 652, 655-56 (1966), that the driver of a motor vehicle

must keep a lookout ahead . . . and to know what is in front of him for a reasonable distance. Snow, mist, fog, or other conditions which affect visibility are not intervening causes but are conditions which require a driver to exercise a degree of care commensurate with the circumstances.

What determines the exercise of reasonable care, or the breach of that duty of care, must be determined by the circumstances of each case. In this case, the trial court, as finder of fact, determined that plaintiff's driver was guilty of contributory negligence.

The finding was based on the driver's prior knowledge of the highway through Shelby and of the trees lining the highway. There was no need for plaintiff's driver to proceed as close as he did to the south edge of the eastbound highway, and thus to the adjoining trees. The driver could see the tree whose limb the vehicle struck at a sufficient distance to safely stop or swerve the vehicle to the north, and while plaintiff's driver testified he could not see the overhanging limb, he knew, as stated by the trial court, that "trees had limbs." Under the circumstances of this case, to proceed along the southernmost edge of the highway, close to known trees, when there was sufficient room to proceed in the main portion of the highway constituted

contributory negligence. We determine that the trial court's finding that plaintiff's driver was guilty of contributory negligence in a degree sufficient to defeat plaintiff's recovery is supported by the evidence and is not clearly wrong. The judgment of the trial court in favor of defendant State is affirmed.

AFFIRMED.

GRANT, J., dissenting.

I disagree with the court's holding that the evidence supports the trial court's finding that plaintiff's driver was guilty of contributory negligence to a degree sufficient to defeat plaintiff's recovery. Plaintiff's vehicle was of a height of 12 feet 11 inches. The statutory height limit for trucks is 14 feet 6 inches, as provided in Neb. Rev. Stat. § 39-6,178(1) (Reissue 1984). While § 39-6,178(2) provides that existing structures need not be changed to permit the passage of vehicles exceeding 12 feet 6 inches in height and that owners of vehicles exceeding 12 feet 6 inches assume the risk of damages resulting from an existing "overhead obstruction," the trial court properly found a tree limb is not an overhead obstruction as defined in the statute. Employees of the State were aware of the tree limb before the accident and that the limb was a "hazard to traffic." I believe that, under the facts in this case, a person driving a vehicle of legal height at a place on the highway where he is legally entitled to be is not guilty of contributory negligence in assuming that the roadway provided for passage is free of obstructions (except for the statutory obstructions defined in § 39-6,178(2)) which would cause damage from above to passing vehicles.

WHITE, J., joins in this dissent.