Echo Financial, appellee, v. Peachtree Properties,
L.L.C., et al., appellees, and County
of Sarpy, Nebraska, appellant.

___ N.W.2d ___

Filed May 19, 2015.    No. A-14-261.

1.  **Summary Judgment.** Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2.  **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3.  **Jurisdiction: Appeal and Error.** It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4.  **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.

5.  **Final Orders: Foreclosure: Appeal and Error.** A decree of foreclosure is a final order for purposes of appeal.

6.  **Summary Judgment.** Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to as a matter of law.

7.  ____. Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute.

8.  ____. If a genuine issue of fact exists, summary judgment may not properly be entered.

9.  **Summary Judgment: Proof.** The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law.

10. **Summary Judgment: Evidence: Proof.** After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion.

11. **Summary Judgment.** In the summary judgment context, a fact is material only if it would affect the outcome of the case.

12. **Property: Liens: Taxes.** Special assessments are secondary to the general lien represented by the tax certificate.

13. **Tax Sale: Title.** The title conveyed under a tax sale is not derivative, but is a new title in the nature of an independent grant by the sovereign authority, and

the purchaser takes free from any encumbrances, claims, or equities connected with the prior title.

14. **Judicial Sales: Property: Liens: Foreclosure: Taxes.** Tax liens arising subsequent to the sale of a tax certificate, but prior to the commencement of the foreclosure proceeding, are included in the foreclosure decree and satisfied by the proceeds of the sheriff's sale.

15. **Liens: Taxes.** Taxes levied subsequent to the date of the certificate constitute a lien superior to the lien of the certificate.

Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Affirmed in part, vacated in part, and in part reversed and remanded with directions.

L. Kenneth Polikov, Sarpy County Attorney, and Bonnie N. Moore for appellant.

Deana K. Walocha for appellee Echo Financial.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

INBODY, Judge.

## INTRODUCTION

The County of Sarpy (Sarpy County) appeals the order of the Sarpy County District Court granting Echo Financial's motion for summary judgment and entering a decree of foreclosure on Echo Financial's tax certificate.

## STATEMENT OF FACTS

This appeal relates to a parcel of real property in Sarpy County, Nebraska, legally described as "Lot 62, Villas at Creekside, a Subdivision in Sarpy County, Nebraska," hereinafter referred to as the "subject property." Echo Financial is the holder of tax sale certificate No. 10281 for the subject property. This tax certificate was issued by the Sarpy County treasurer to Echo Financial and evidences the purchase of unpaid property taxes on March 3, 2010, for the 2008 taxes on the subject property. Echo Financial also is the holder of a lien for the subsequent general taxes assessed on the subject property in 2009, 2010, and the first half of 2011.

In June 2013, Echo Financial filed a complaint for foreclosure of the subject property. All parties with interests in the property were named as defendants, including Sarpy County

and Sanitary and Improvement District (SID) No. 268. Echo Financial alleged that SID No. 268 held special assessments on the subject property and that Sarpy County had unpaid weed control assessments or "weed liens" on the subject property. Sarpy County was the only defendant to file an answer or otherwise make an appearance. In its answer, Sarpy County admitted that it held weed liens on the subject property and also affirmatively alleged that it levied taxes on the subject property for tax years 2011 and 2012 and that pursuant to Neb. Rev. Stat. § 77-203 (Reissue 2009), those taxes are considered a first lien on the property taxed, superior to all other liens.

Echo Financial moved for summary judgment. A hearing was held on October 28, 2013, with one exhibit, the affidavit of the owner of Echo Financial, received into evidence. Sarpy County did not oppose the motion for summary judgment as long as Sarpy County's liens, including general taxes, were first liens superior to all other liens in accordance with § 77-203. When asked by the court if there was "any disagreement on the issues here," the attorney for Echo Financial stated, "I don't believe there is." Although Echo Financial had a proposed order, the attorney for Echo Financial stated that both attorneys were going to need to consult to amend the order. The court stated that it was letting Echo Financial and Sarpy County "work out an order that protects everybody's interests on the motion for summary judgment, but . . . would assume [it] can enter that order once you get those details worked out." The court further sustained a motion for default judgment against the remaining defendants except Sarpy County.

After Sarpy County and Echo Financial reached an impasse regarding the priority that the parties' liens should have in the foreclosure decree, Sarpy County filed a motion for rehearing and a hearing was held thereon on January 13, 2014. After each side's oral argument before the court, the court provided Sarpy County with 10 days to respond to Echo Financial's draft foreclosure decree and brief which had been previously filed and to submit an alternative decree of foreclosure. Echo Financial was given 7 days thereafter to respond.

On February 14, 2014, the district court filed an opinion and order setting forth that Echo Financial's motion for summary judgment should be granted and that a decree of foreclosure should be entered whereby Sarpy County's lien against the property for unpaid weed assessments shall be deemed second to Echo Financial's lien for general taxes. Thereafter, on February 25, the court filed the decree of foreclosure. In the decree of foreclosure, the district court found, in relevant part, that Echo Financial's motion for summary judgment should be granted; Echo Financial holds a valid first lien against the subject property; Sarpy County holds a lien for unpaid special assessments (weed liens), which are junior only to the interests of Echo Financial and SID No. 268; and the subject property is to be sold subject to Sarpy County's unpaid real property taxes for the second half of 2011 and 2012. Sarpy County filed its notice of appeal on March 24, 2014.

## ASSIGNMENTS OF ERROR

Sarpy County's assignments of error, restated and consolidated, are that the district court erred in (1) granting Echo Financial's motion for summary judgment, (2) ordering that Sarpy County's weed liens were junior to the interests of Echo Financial and SID No. 268, and (3) failing to find that Sarpy County has general tax liens for the second half of 2011 and 2012 and ordering the subject property to be sold subject to Sarpy County's lien for unpaid real property taxes instead of ordering that these general tax liens were to be paid from the proceeds of the sheriff's sale.

## STANDARD OF REVIEW

[1,2] Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Harris v. O'Connor*, 287 Neb. 182, 842 N.W.2d 50 (2014). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against

whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

*Jurisdiction*.

Before addressing the merits of Sarpy County's appeal, we address Echo Financial's argument that Sarpy County's notice of appeal was not timely filed and, consequently, that we lack jurisdiction over this appeal.

[3,4] It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014).

[5] A decree of foreclosure is a final order for purposes of appeal. See *Schuyler Building & Loan Ass'n v. Fulmer*, 61 Neb. 68, 84 N.W. 609 (1900). See, also, *Leseberg v. Meints*, 224 Neb. 533, 399 N.W.2d 784 (1987). The decree of foreclosure in the instant case was filed on February 25, 2014. Sarpy County timely filed its notice of appeal on March 24. Pursuant to Neb. Rev. Stat. § 25-1912 (Reissue 2008), in order to vest an appellate court with jurisdiction, a party must file an appeal within 30 days of the entry of a judgment, decree, or final order. Because Sarpy County's appeal was filed within 30 days of the decree of foreclosure, this court has jurisdiction over this appeal.

*Summary Judgment*.

Sarpy County's first assignment of error is that the district court erred in granting Echo Financial's motion for summary judgment.

[6-8] Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to as a matter of law. *Harris v. O'Connor, supra*. Summary judgment proceedings do not

resolve factual issues, but instead determine whether there is a material issue of fact in dispute. *Peterson v. Homesite Indemnity Co*., 287 Neb. 48, 840 N.W.2d 885 (2013). If a genuine issue of fact exists, summary judgment may not properly be entered. *Id*.

[9-11] The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Id*. After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id*. In the summary judgment context, a fact is material only if it would affect the outcome of the case. *Id*.

Pursuant to Neb. Rev. Stat. § 77-1908 (Reissue 2009), the tax sale certificate in foreclosure proceedings under Neb. Rev. Stat. § 77-1902 (Cum. Supp. 2012) shall be presumptive evidence of all the facts necessary to entitle the plaintiff to be paid for redemption from the tax sale. A copy of tax certificate No. 10281 was attached to the complaint filed in this case. Section 77-203 provides that property taxes are a first lien on the property taxed.

Since Echo Financial adduced presumptive and uncontradicted evidence that it owned tax sale certificate No. 10281 and was presumptively entitled to be paid for redemption from the tax sale, the district court properly granted Echo Financial's motion for summary judgment. Although we have determined that the district court properly granted summary judgment in favor of Echo Financial, we also address Sarpy County's assignments of error regarding specific portions of the district court's order.

*Priority of Sarpy County's Tax Liens*.

Sarpy County contends that the court erred in finding that Sarpy County's weed lien was junior to the interests of Echo Financial and SID No. 268. Sarpy County argues that pursuant

to Neb. Rev. Stat. § 77-209 (Reissue 2009), its special assessments are junior only to the first lien of general taxes.

[12] Weed liens are a type of special assessment. See Neb. Rev. Stat. § 77-1701 (Reissue 2009) ("[i]n any county in which a city of the metropolitan class is located, all statements of taxes shall also include notice that special assessments for cutting weeds, removing litter, and demolishing buildings are due"). Section 77-209 provides that "[a]ll special assessments, regularly assessed and levied as provided by law, shall be a lien on the real estate on which assessed, and shall take priority over all other encumbrances and liens thereon except the first lien of general taxes under section 77-203." Pursuant to § 77-203, property tax liens are first liens "until paid or extinguished as provided by law." Special assessments are secondary to the general lien represented by the tax certificate. *INA Group v. Young*, 271 Neb. 956, 716 N.W.2d 733 (2006). Thus, the district court did not err in finding that Sarpy County's weed liens were junior to Echo Financial's general lien represented by its tax certificate.

Further, Sarpy County's weed liens are also junior to the interests of SID No. 268. Pursuant to § 77-1902 (Reissue 2009):

When land has been sold for delinquent taxes and a tax sale certificate or tax deed has been issued, the holder of such tax sale certificate or tax deed may, instead of demanding a deed or, if a deed has been issued, by surrendering the same in court, proceed in the district court of the county in which the land is situated to foreclose the lien for taxes represented by the tax sale certificate or tax deed and all subsequent tax liens thereon, excluding any lien on real estate for special assessments levied by any sanitary and improvement district which real estate has not been previously offered for sale by the county treasurer, in the same manner and with like effect as in the foreclosure of a real estate mortgage, except as otherwise specifically provided by sections 77-1903 to 77-1917. Such action shall only be brought within six months after the expiration of three

years from the date of sale of any real estate for taxes or
special assessments.

"[T]he portion of § 77-1902 added in 1996 . . . which
effectively excludes special assessments levied by sanitary
improvement districts from the free and clear effects of judi-
cial foreclosure, is an exception to the common law. See 1996
Neb. Laws, L.B. 1321." *SID No. 424 v. Tristar Mgmt.*, 288
Neb. 425, 437, 850 N.W.2d 745, 753 (2014). For complete-
ness, we note that in 2011, the Legislature made a statutory
amendment to provide that the sheriff's deed which results
from the judicial foreclosure proceeding passes title to the
purchaser free and clear of all liens and interests of all persons
who were parties to the proceedings, "excluding any lien on
real estate for special assessments levied by any sanitary and
improvement district which special assessments have not been
previously offered for sale by the county treasurer." See Neb.
Rev. Stat. § 77-1914 (Cum. Supp. 2014); however, this sub-
stantive change is not applicable to the tax deed issued in this
case. See Neb. Rev. Stat. § 77-1837.01(2) (Cum. Supp. 2014)
("[t]ax sale certificates sold and issued between January 1,
2010, and December 31, 2014, shall be governed by the laws
and statutes that were in effect on December 31, 2009, with
regard to all matters relating to tax deed proceedings, includ-
ing noticing and application, and foreclosure proceedings").
Thus, for the foregoing reasons, the district court properly
found that Sarpy County's weed liens were junior to both the
interests of Echo Financial and SID No. 268.

*Ordering Sale Subject to Sarpy
County's General Tax Liens.*

Sarpy County also assigns as error that the district court
erred when it ordered that the subject property was to be sold
subject to the lien of Sarpy County for the general taxes for
the second half of 2011 and 2012. We note that at oral argu-
ments, Echo Financial stated that it was relying upon Neb.
Rev. Stat. §§ 77-1806 and 77-1818 (Reissue 2009) in support
of its claim that Sarpy County's liens could not be foreclosed
upon in this action. However, these statutes relate to actions

where the county is foreclosing upon its tax lien by the sale of real property. Echo Financial also referenced Neb. Rev. Stat. § 77-1901 (Cum. Supp. 2012) in its arguments. This section relates to actions where the county board enters an order directing the county attorney to foreclose liens. Of course, in the instant case, Echo Financial, not Sarpy County, has brought the foreclosure action. Thus, these statutes are not relevant to our analysis.

[13] The title conveyed under a tax sale is not derivative, but is a new title in the nature of an independent grant by the sovereign authority, and the purchaser takes free from any encumbrances, claims, or equities connected with the prior title. *INA Group v. Young*, 271 Neb. 956, 716 N.W.2d 733 (2006). See *Polenz v. City of Ravenna*, 145 Neb. 845, 18 N.W.2d 510 (1945). Echo Financial argues that Sarpy County must apply for a tax sale certificate pursuant to Neb. Rev. Stat. § 77-1913 (Reissue 2009) in order to collect any liens that remain unpaid after the sheriff's sale. Section 77-1913 provides a procedure for what to do with "subsequent taxes levied and assessed against the property under foreclosure." However, "'Subsequent taxes' within the meaning of § 77-1913 do not include taxes, whether general taxes or special assessments, that were assessed and levied prior to the commencement of the foreclosure proceeding." *INA Group v. Young*, 271 Neb. at 968, 716 N.W.2d at 742.

[14] Since Sarpy County's tax liens arose subsequent to the sale of the tax certificate to Echo Financial in March 2010 and prior to the commencement of the foreclosure proceedings in June 2013, § 77-1913 is not applicable to the instant case. "Tax liens arising subsequent to the sale of a tax certificate, but prior to the commencement of the foreclosure proceeding, are included in the foreclosure decree and satisfied by the proceeds of the sheriff's sale. See § 77-1902." *INA Group v. Young*, 271 Neb. at 967, 716 N.W.2d at 742. Thus, Sarpy County's liens for the general taxes for the second half of 2011 and 2012 are to be satisfied by the proceeds of the sheriff's sale.

[15] Additionally, taxes levied subsequent to the date of the certificate constitute a lien superior to the lien of the

certificate. *Medland v. Van Etten*, 75 Neb. 794, 106 N.W. 1022 (1906). See, also, *Coffin v. Old Line Life Ins. Co.*, 138 Neb. 857, 295 N.W. 884 (1941). Tax liens

> "'take priority in the reverse order of other liens. As to all other liens the first in order of time is prima facie superior to those of a later date. In the case of tax liens, however, the "last shall be first and the first last." The general and universal rule is that in proceedings in rem to enforce the payment of taxes the last tax levied and sought to be enforced is superior and paramount to the lien of all other taxes, claims, or titles.' . . ." 3 Cooley, Taxation (4th Ed.) sec. 1242.

*Coffin v. Old Line Life Ins. Co.*, 138 Neb. at 861, 295 N.W. at 887 (emphasis omitted). Consequently, not only are Sarpy County's general tax liens for the second half of 2011 and 2012 to be paid from the proceeds of the foreclosure sale, but Sarpy County's liens also take priority over Echo Financial's liens.

## CONCLUSION

We find that the district court properly granted summary judgment in favor of Echo Financial; however, we reverse the decision of the district court on errors contained in the foreclosure deed, vacate the foreclosure deed, and remand the cause for issuance of a new foreclosure deed consistent with this opinion.

Affirmed in part, vacated in part, and in part reversed and remanded with directions.

---

State of Nebraska, appellee, v.
David H. Minnick, appellant.
___ N.W.2d ___

Filed May 19, 2015.   No. A-14-650.

1. **Criminal Law: Sentences: Time.** In the absence of statute, when a valid sentence has been put into execution by commitment of a prisoner, the court has no authority to set aside, modify, amend, or revise the sentence, either during or after the term or session of court at which the sentence was imposed. Any attempt